**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JACQUELYNE NICOLE JONES | Case No.: <u>9:25-cv-02638-BHH</u> |
| Plaintiff, | |
| vs. | |
| TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., and FIFTH THIRD BANK, NATIONAL ASSOCIATION | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | |

Now comes Plaintiff, Jacquelyne Nicole Jones ("Ms. Jones"), by and through her counsel, and for her Complaint, states and avers as follows:

## INTRODUCTION

1.      Ms. Jones brings this action for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), by Defendants Trans Union, LLC ("TU"), and Experian Information Solutions, Inc. ("Experian"), (collectively "consumer reporting agencies" or "CRAs"), and Fifth Third Bank, National Association ("Fifth Third"). The claim arises out of false and derogatory information furnished by Fifth Third Bank to the CRAs, which the CRAs then published to third-parties, to Ms. Jones' detriment. The inaccurate reporting falsely represents that Ms. Jones failed to make timely loan payments. This has, *inter alia,* prevented Ms. Jones from being able to secure a home mortgage loan under the favorable finance terms she deserved.

2.      As required by the FCRA, Ms. Jones disputed the inaccurate information through the dispute mechanism established by the FCRA, and she also disputed directly with Fifth Third.

1

3.      Ms. Jones provided evidence to each defendant that its representation that she had a history of late payments to Fifth Third are inaccurate, and that their continued reporting to the contrary, and refusal to correct this false and damaging reporting, has caused her, and continues to cause her, substantial harm, including lost credit opportunities, emotional distress, and foreclosing her ability to procure a home loan under favorable terms.

4.      Ms. Jones and her growing family had planned to purchase a new home in 2024. Unfortunately, due to the impact of the false and inaccurate information upon her consumer credit score, and thus available finance rates, those plans have been thwarted.

5.      As a direct and proximate result of Fifth Third's false representation, and failure and refusal to correct same, the CRAs have disseminated consumer reports containing the derogatory information to various financial institutions, persons and entities.

6.      As a direct and proximate result of the CRA's failure to conduct a reasonable reinvestigation and correct the inaccurate information, reports containing the derogatory information has been disseminated to various financial institutions, persons and entities.

7.      Fifth Third's false reporting about Ms. Jones reflects negatively upon her and her financial responsibility.

8.      Ms. Jones' harm includes, *inter alia,* inability to secure a home mortgage loan at favorable terms and other lost credit opportunities. Ms. Jones also suffered embarrassment, inconvenience, loss of sleep, anxiety, worry, indignation and wasted time.

9.      With respect to the disputes that Ms. Jones made to Fifth Third, both directly and through the FCRA dispute mechanism by submitting disputes to the CRAs (*i.e.,* requesting a reinvestigation by the CRAs), *inter alia*, Ms. Jones was compliant, prompt and responsive to any requests for information from each defendant.

2

10.     Ms. Jones has taken all reasonable steps to mitigate her damages by disputing the information both via the FCRA dispute mechanism, and directly with Fifth Third. Ms. Jones has also complained about this situation to the Federal Trade Commission and news outlets.

11.     As set out in Ms. Jones' multiple disputes and supporting documents sent to each Defendant, there is no evidence suggesting Ms. Jones was ever untimely in her payments. Contrarily, as Ms. Jones shared with the CRAs in her disputes, and Fifth Third is aware, Fifth Third's error was raised with Fifth Third on multiple occasions.

12.     In response to one or more complaints that Ms. Jones' made directly to Fifth Third prior to 2024, Fifth Third apologized to Ms. Jones for its errors and represented to Ms. Jones that the subject errors would be remedied, including any necessary corrections with the CRAs.

13.     Yet, Fifth Third Bank failed to respond to Ms. Jones' written dispute to Fifth Third in 2024.

14.     In response to Ms. Jones' repeated disputes about this derogatory information, the CRAs have failed to correct the false information.

15.     Ms. Jones' disputes have transpired in all available manners, including written disputes, telephone disputes and online disputes, lodged directly to Fifth Third and the CRAs.

16.     Notwithstanding Ms. Jones' efforts, Fifth Third has represented and furnished false and derogatory information about Ms. Jones to the CRAs since on or before 2022.

17.     Notwithstanding Ms. Jones' efforts, the CRAs have continued to report the false and derogatory information.

18.     Plaintiff advances a claim for damages under the FCRA §§ 1681i and 1681s-2(b). Ms. Jones seeks redress in the form of actual damages, statutory damages, punitive damages, and recovery of her attorney fees and costs.

3

**JURISDICTION AND VENUE**

19.    Jurisdiction of this Court is conferred under 28 U.S.C. §§ 1331, and 15 U.S.C. § 1681p.

20.    Venue in this District is proper because each Defendant conduct business in this District and the events or omissions giving rise to this case transpired in this District.

**PARTIES**

21.    Ms. Jones is an individual person, and a resident of Beaufort County, South Carolina. She is also a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

22.    Trans Union is a consumer reporting agency and foreign corporation, authorized to conduct, and so conducting, business in the State of South Carolina. Trans Union has its headquarters in Chicago, Illinois and has been duly served through its registered agent.

23.    Trans Union is a consumer reporting agency as defined by the FCRA.

24.    Experian is a consumer reporting agency and foreign corporation, authorized to conduct, and so conducting, business in the State of South Carolina. Experian has its headquarters in Costa Mesa, California and has been duly served through its registered agent.

25.    Experian is a consumer reporting agency as defined by the FCRA.

26.    Fifth Third is a financial services company and foreign corporation, authorized to conduct, and so conducting, business in the State of South Carolina. Fifth Third has its headquarters in Cincinnati, Ohio and has been duly served through its registered agent.

27.    Fifth Third is a furnisher of consumer information as contemplated by the FCRA.

**FACTS**

12

28.     Ms. Jones has exhausted the dispute mechanism process set forth by the FCRA (*i.e.*, requesting a reinvestigation by the consumer reporting agency) and also repeatedly disputed directly with Fifth Third.

29.     Ms. Jones made a request for reinvestigation on multiple occasions to the CRAs, specifically disputing the inaccurate representation that her July and August 2022 payments to Fifth Bank were late ("Fifth Third Tradeline").

30.     In response to each request for reinvestigation, Trans Union refused or otherwise failed to remove the false and derogatory information.

31.     In response to one request for reinvestigation, on March 11, 2024, Experian responded that the disputed information was previously "updated," and the subject derogatory Fifth Third Tradeline did not appear in Ms. Jones' Experian consumer report.

32.     However, on Ms. Jones' April 23, 2024 Experian consumer report, the Fifth Third Tradeline appeared again.

33.     Ms. Jones disputed the Fifth Third Tradeline with Experian again, and this time Experian stated the Fifth Third Tradeline "Remains."

34.     Ms. Jones has suffered adverse actions, including higher available interest rates by banking institutions based solely on the false information provided by Fifth Third and reported by the CRAs, which has stalled her dream of a new home for growing family.

35.      The false information reflects detrimentally upon Ms. Jones and her suitability as a trustworthy customer and person.

12

36.    As a direct and proximate result of Defendants' actions and omissions, Ms. Jones has spent exorbitant amounts of time disputing false information and suffered great stress and turmoil as a result, as more fully described, *supra.*

37.    Despite Ms. Jones' disputes and compliance with all requests in the process, Fifth Third continued reporting false and derogatory information about her, and verified the false information was accurate.

38.    Despite Ms. Jones' disputes and compliance with all requests in the process, the CRAs continued reporting false and derogatory information.

39.    Fifth Third refused to correct the false information it furnished that has been repeatedly published in Ms. Jones' consumer reports.

40.    The CRAs refused to correct the false information in Ms. Jones' consumer reports.

41.    Defendants' joint and several willful noncompliance with the FCRA resulted in multiple adverse events for Ms. Jones.

## **DEFENDANTS ACTED WILLFULLY**

42.    Plaintiff hereby incorporates all other paragraphs as if fully restated herein.

43.    Defendants knew or should have known that their actions and omissions violated the FCRA. These obligations are well-established in the plain language of the FCRA.

44.    Each defendant procured or had available to it substantial written materials that informed it of its duties under the FCRA.

45.    Each defendant has been sued repeatedly for erroneously reporting false information regarding consumers.

46.     Despite knowing its legal obligations, each defendant consciously breached its known duties and deprived Ms. Jones of her rights under the FCRA.

47.     Each defendant's failure to conduct a reasonable reinvestigation into Plaintiff's disputes was the result of each Defendant's intentional adoption of inapt policies and procedures.

48.     As a result of these FCRA violations, Defendants are each, jointly and severally, liable to Ms. Jones for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

## COUNT ONE: VIOLATION OF THE FCRA § 1681i

49.     Plaintiff hereby incorporates all other paragraphs as if fully restated herein.

50.     This claim is for violation of the FCRA by each CRA: TU and Experian.

51.     The CRAs are each a "consumer reporting agency" as defined in the Fair Credit Reporting Act.

52.     The CRAs each issued, assembled, transferred, and published "consumer reports," regarding Ms. Jones, as defined in the Fair Credit Reporting Act.

53.     The CRAs have each continually added, stored, maintained, and disseminated personal and credit data about Ms. Jones which is false, erroneous, and misleading, without employing procedures to insure the maximum possible accuracy of the information posed to Ms. Jones' consumer reports and disseminated the same to third-parties.

54.     The CRAs, through their respective actions and inactions, as described herein, caused great and irreparable injury to Ms. Jones.

55.     The CRAs have each continually posted false and harmful information to Ms. Jones' consumer credit reports without requiring a reasonable number of points of correspondence.

56.     The CRAs have each failed to invoke necessary functions, procedures, or programs designed to ensure that false data would not post on Ms. Jones' consumer credit report, and would be suppressed from appearing on the consumer credit report.

57.     The CRAs have each created, maintained, and utilized a credit reporting system that is defective, and does not comply with the FCRA, or other laws governing the CRA's respective actions.

58.     The CRA have each acted with actual malice and/or with willful intent to injure Ms. Jones.

59.     The CRAs have each defamed Ms. Jones by publishing false information regarding her creditworthiness to third parties.

60.     The CRAs have each failed in their respective duty to prevent foreseeable injury to Ms. Jones.

61.     The CRAs have each, through their actions and inactions, as described herein, caused great and irreparable harm to Ms. Jones.

### COUNT TWO: VIOLATION OF THE FCRA § 1681i(a)(5)(B)

62.     Plaintiff hereby incorporates all other paragraphs as if fully restated herein.

63.     This claim arises under FCRA § 1681i(a)(5)(B) for Experian's willful and/or negligent failure to comport with the FCRA's requirements related to reinsertion of information.

64.     Experian reinserted the Fifth Third Tradeline.

12

65.     Experian never provided Ms. Jones with written notification of the reinsertion, contrary to the FCRA mandate to do so within five days of reinsertion.

66.     Experian failed in its duty to prevent foreseeable injury to Ms. Jones.

67.     Experian's actions and inactions, as described herein, caused great and irreparable harm to Ms. Jones.

## COUNT THREE: VIOLATION OF THE FCRA § 1681s-2(b)

68.     Plaintiff hereby incorporates all other paragraphs as if fully restated herein.

69.      This claim arises under FCRA § 1681s-2(b), for willfully and/or negligently failing to comport with the FCRA.

70.     Fifth Third defamed Ms. Jones by publishing false information regarding her financial responsibility, trustworthiness and good standing to third parties.

71.     As a result of Fifth Third's actions and inactions, Fifth Third invaded Ms. Jones' reasonable expectation of privacy.

72.     Fifth Third acted willfully, and with malice intent to injure Ms. Jones, failing its duty to prevent foreseeable injury to her.


**WHEREFORE**, Plaintiff, demands judgment against Fifth Third, Trans Union, and Experian, jointly and severally, as applicable in accordance with the allegations set forth above, as deemed just and lawful by the Court; plus, on each claim, litigation costs, interest, reasonable attorney fees, and any and all other legal and equitable relief this Honorable Court deems just and lawful and as follows:

12

## **PRAYER FOR RELIEF**

For violation of the Fair Credit Reporting Act, compensatory damages in an amount greater than $100,000.00 to compensate Ms. Jones for her personal damages, statutory damages, punitive damages, in an amount greater than $500,000.00, litigation costs, interest, attorney fees as deemed proper and lawful by the Court, and any and all other legal and equitable relief this Court deems just and lawful for each violation that may be proven at trial.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ David A. Maxfield

_____

David A. Maxfield, Fed ID No. 6293
Dave Maxfield, Attorney, LLC
P.O. Box 11865
Columbia, SC 29211
Phone: 803-509-6800
Facsimile: 855-299-1657
dave@consumerlawsc.com


Amy L. Wells, *Pro Hac Vice Application Forthcoming*
WELLS LAW OFFICE, INC.
122 South Michigan Avenue, Suite 1390-145
Chicago, Illinois 60603-6036
(773) 762-9104
amywellls@equaljusticelaw.com

*Counsel for Plaintiff Jacquelyne Nicole Jones*

12