UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACQUELYNE NICOLE JONES, | ) CASE NO. 9:25-CV-02638-BHH |
| Plaintiff, | ) |
| v. | ) |
| TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and FIFTH THIRD BANK, NATIONAL ASSOCIATION, | ) |
| Defendants. | ) |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES**

Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 26.03, files these separate answers to the Court's Local Rule 26.03 Interrogatories:

1. **A short statement of the facts of the case:**

This case asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. Instead, Experian issues consumer credit reports as defined by 15 U.S.C. § 1681a(d).

The FCRA is not a strict liability statute and does not require credit reporting agencies like Experian to maintain error-free credit reporting. Rather, the FCRA requires credit reporting agencies to maintain and follow reasonable procedures to assure the maximum possible accuracy

of the information it reports on consumers. Additionally, the FCRA requires credit reporting agencies to provide credit report information regarding a consumer to that consumer upon request in accordance with 15 U.S.C. § 1681g and to timely reinvestigate if a consumer disputes information on his or her credit report.

In the instant case, Plaintiff Jacquelyne Jones ("Plaintiff") alleges that inaccurate information about a Fifth Third Bank account appeared on her Experian consumer file, and that as a result she suffered damages. Plaintiff also alleges that Experian failed to remove certain items from her credit file upon dispute in violation of the FCRA, which Experian denies. Experian denies that it failed to comply with the requirements of the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian.

Experian bases this statement on the facts and information currently available to it, and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein.

2.     **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

Experian has not yet determined who it is likely to call as witnesses in this case, but will identify those witnesses as soon as the information becomes available or known to Experian. Experian anticipates that the following people may testify:

(a)     Plaintiff, who is expected to testify as to the allegations of her Complaint, her consumer credit information, her alleged damages, her communications with all current and/or former Defendants, including Experian, her communications (if any) with creditors and/or potential creditors, her communications with Fifth Third Bank, her communications with others she believes may have knowledge regarding the factual background of this case, and other related matters.

    (b)    Cristina Hamilton, Senior Legal & Compliance Specialist with Experian, or another designated representative, is expected to testify regarding Plaintiff's contacts with Experian, Plaintiff's Experian consumer file, and Experian's consumer assistance and reinvestigation procedures.

    (c)    Representatives of other Defendants, including Defendant(s) who have been or are later are dismissed, who are expected to testify as to the allegations of the Complaint, their communications with Plaintiff, their communications with any other current and/or former Defendant(s), and other related matters.

    (d)    Representative(s) of any credit grantor(s) whom Plaintiff alleges denied her credit or otherwise injured Plaintiff purportedly due to information received from Experian are expected to testify about Plaintiff's credit applications, credit history, credit reports, and any reasons for denying credit.

    (e)    Representative(s) of any credit grantor(s) who extended credit or other opportunities to Plaintiff.

    (f)    Representative(s) of any credit grantor(s) for whom an account appeared on Plaintiff's credit file.

    (g)    Medical and mental health care providers of Plaintiff are expected to testify as to Plaintiff's alleged damages.

    (h)    All other current or former parties to the lawsuit.

    (i)    Other persons or entities identified by other parties and/or through discovery.

**3.    The names and subject matter of expert witnesses (if no expert witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

Experian has not yet identified an expert to testify in this matter. Experian expects to identify expert witness(es) to testify as to the reasonableness of Experian's procedures in compiling and maintaining consumer credit information and/or in responding to consumer disputes. Experian reserves the right to supplement this response.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

At this time, Experian is not asserting any claims against Plaintiff in this action.

- 3 -

Experian states that the claims asserted against it are governed by the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and those regulations and decisions outlining and interpreting Experian's rights and responsibilities under the terms of the FCRA. Plaintiff will bear the threshold burden of proving that an inaccuracy appeared on an Experian credit report in order to prevail on any claim under the FCRA. Experian followed reasonable procedures in the preparation of Plaintiff's credit reports. Plaintiff cannot demonstrate that any alleged violation was willful. Plaintiff cannot show that she suffered an injury or sustained any damages caused by Experian. *See, e.g., Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Grant v. TRW, Inc.,* 789 F. Supp. 690 (D. Md. 1992); *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008); *Carvalho v. Equifax Info. Servs.* 629 F.3d 876 (9th Cir. 2010); *Jones v. Pa. Higher Educ. Assistance Agency*, 2017 U.S. Dist. LEXIS 115215 (C.D. Calif. July 24, 2017); *Omar v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 99694 (S.D. Indiana, July 18, 2012); *Trans Union v. Ramirez,* 141 S. Ct. 2190, 594 U.S. (2021); *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Experian reserves the right to supplement this response as the issues in this case become more developed through discovery.

**5.     Proposed dates for deadlines per Local Civil Rule 16.02:**

As reflected in the joint 26(f) report, Experian, along with the other parties, has submitted on July 29, 2025, a proposed Discovery Plan Pursuant to FRCP 26(f).

[SIGNATURE ON FOLLOWING PAGE]

Dated: July 29, 2025.

Respectfully submitted,

<u>*s/ Lyndey R .Z. Bryant*</u>
Lyndey R. Z. Bryant (Fed ID No. 11506)
ADAMS & REESE LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
Telephone:  803-254-4190
lyndey.bryant@arlaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

- 5 -